### W. H. BEATTY v. W. W. BROOKS.

(No. 1610.)

LIEN, VENDOR'S.— Money paid by third party for benefit of grantee does not release vendor's lien, when.

APPEAL from Burnet county. Opinion by WALKER, J.

STATEMENT.— Appellee brought this suit as administrator of the estate of Joseph Pullen, deceased, against appellants, T. A. Galbraith and O. H. P. Culberson, on a note given by T. A. Galbraith, W. H. Beatty and O. H. P. Culberson to Robert Yoe on the 4th day of December, 1880, in part payment for lots 1, 2, 3, and 4, in block 5, in the Peter Kerr portion of the town of Burnet, in Burnet county; said note was fully described in the deed from Yoe and wife, on said day and date, to W. H. Beatty, and vendor's lien retained. Said note was transferred by Robert Yoe to Joseph Pullen on February 23, 1881, without recourse. Plaintiff filed his original petition October 12, 1881, supplemental petition October 13, 1881, and an amended petition in lieu of both November 3, 1881. Defendant Culberson, November 4, 1881, answered, alleging he signed note as surety for Galbraith and Beatty.

Beatty on November 4, 1881, filed his answer: 1. A general denial. 2. That at the time of signing said note he (Beatty) and Galbraith were partners, and said partnership was dissolved July 13, 1881, and Galbraith assumed payment of all debts, and if any debt existed it was a partnership debt of said firm; and if judgment should be rendered against defendants on said note that execution should issue first against defendant Galbraith. 3. That note was transferred long after lots were paid for, and that the recitation that said note was for purchase money was fraudulently entered therein by Galbraith for the purpose of borrowing money, all of which Pullen knew prior to said transfer. 4. That the lots were at the time the note was executed the homestead of defendant, who was the head of a family. 5. *Non est factum*, under oath. November 8, 1881, plaintiff filed his second supplemental petition, in which he pleaded: 1. A general denial of all matters pleaded by defendant Beatty. 2. That the note was executed for Beatty by Galbraith and Culberson, who were his agents, and that their actions in regard thereto were afterwards ratified by Beatty. 3. That Beatty ratified the acts of his agents by taking possession of the lots and using them as his own, and at the date of settlement referred to in his answer mentioned said note as his own individual debt and that it was for purchase money of said lots. 4. That Pullen was induced by Galbraith and Culberson, Beatty's agents, to buy said note, as it was a vendor's lien note.

No answer being filed by defendant Culberson, November 10, 1881, the cause was tried by the court, and judgment rendered in favor of plaintiff against Beatty and Galbraith as principal and Culberson as surety, for the sum of $1,419.16, foreclosing the vendor's lien on the lots and decreeing the sale of the lots to satisfy the judgment. Judgment further ordered that if lots did not sell for enough to pay said sum execution should issue against the defendants for balance.

OPINION.— Hudson & Watson in the first place loaned the money to Galbraith to pay Yoe, the vendor, and Pullen loaned Galbraith the money to repay Hudson & Watson. The money loaned by Pullen represented the debt which Beatty owed for the lots, and Pullen was entitled to the benefit of the lien which his administrator sought in this suit to enforce.  The terms of a written agreement dissolving the partnership between Beatty and Galbraith, made subsequently to the transaction between the parties to these, could not affect the liability of Beatty to Pullen or the note sued on.

AFFIRMED.